# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-70011

JEFFERY LEE WOOD

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
5:01-CV-423

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

"In order to be entitled to a stay pending appeal under Rule 62 [Federal Rule of Civil Procedure] or 8 [Federal Rule of Appellate Procedure], a petitioner must show the likelihood of his prevailing on the merits on appeal, that he is likely to suffer irreparable injury from the denial of the stay, that the other parties will not be substantially harmed by the grant of stay, and that granting the stay will serve the public interest." *Wildmon v. Berwick Universal Pictures,* 983 F.2d 21, 23 (5th Cir. 1992) (citation omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 3599 states that:

Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses . . . . *No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.*

(emphasis added). The petitioner presents no reasons for his need for confidentiality in his appellate briefings. We also do not find any specific reasons for confidentiality in the records below. The petitioner therefore cannot show a likelihood of success on the merits. Moreover, the district court's judgment permitted the petitioner to file another motion requesting leave to file a proposed sealed, *ex parte* motion for appointment of a second mental health expert. The petitioner may file another motion, and therefore will suffer no irreparable injury if the stay is denied. Finally, the respondent and the public interest are not served by stopping all proceedings in the district court, because the petitioner does not show that a stay of *all* proceedings before the district court, even those unrelated to the interlocutory appeal, is necessary.

Accordingly, IT IS ORDERED that petitioner's motion to stay proceedings in the district court pending appeal is DENIED.